SARAH M. DAVIS, ESQ.
Nevada Bar No. 11550
6350 South Riley Street #405
Las Vegas, NV 89148
(561) 245-0163

*Attorney For Plaintiff*
*Christine Neis*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINE NEIS,<br><br>         Plaintiff,<br><br>vs.<br><br>MARCOS & JAVIERS LLC D/B/A JAVIER'S CANTINA & GRILL; DOES 1 through X, inclusive, and ROE CORPORATIONS 1 through X, inclusive,<br><br>         Defendants. | CASE NO.<br><br>**PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS**<br><br>**[JURY DEMAND]** |

COMES NOW, Plaintiff CHRISTINE NEIS ("Plaintiff"), and complains against Defendants MARCOS & JAVIERS LLC D/B/A JAVIER'S CANTINA & GRILL and DOES 1 through X, and ROE CORPORATIONS 1 through X, and each of them, as follows:

**STATEMENT OF JURISDICTION**

1.   Plaintiff CHRISTINE NEIS is, and was at all time relevant hereto, a resident, domiciliary, and citizen of the State of Nevada.

2.   Defendant MARCOS & JAVIERS LLC D/B/A JAVIER'S CANTINA & GRILL is, and was at all times relevant hereto, a California Limited Liability Corporation with its principal place of business in California, and each and every one of its Members is, and was at all times relevant hereto, a citizen of the State of California and of no other state. Therefore, Defendant MARCOS & JAVIERS LLC D/B/A JAVIER'S CANTINA & GRILL is, and was at all times relevant hereto, a citizen of the State of California, as defined by the Ninth Circuit Court of Appeals in the matter of *Johnson v.*

- 1 -

*Columbia Properties Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006), and of no other state.

3. The identities of Defendants DOES 1 through X, inclusive, and ROE CORPORATIONS 1 through X, inclusive, are currently unknown to Plaintiff, and Plaintiff hereby reserves the right to amend her Complaint to substitute any or all of the true entities designated thereby when their respective identifies become known to Plaintiff.

4. Because Plaintiff is, and was at all times relevant hereto, a citizen of the State of Nevada and of no other state, and because the named Defendant is, and was at all times relevant hereto, a citizen of the State of California and of no other state, complete diversity exists among the parties, as defined in 28 United States Code Section 1332.

5. The amount in controversy herein exceeds the sum or value of $75,000 (Seventy-Five Thousand Dollars), exclusive of interest and costs.

6. Because complete diversity exists between the parties, and because the amount in controversy herein exceeds the sum or value of $75,000 (Seventy-Five Thousand Dollars), exclusive of interest and costs, this Court has original jurisdiction over this matter pursuant to 28 United States Code Section 1332(a).

## GENERAL ALLEGATIONS

7. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-6, inclusive, as though fully set forth herein.

8. On July 11, 2014, Plaintiff was a patron of Javier's Cantina & Grill, located at 7832 East Pacific Coast Highway, Newport Beach, CA 92657, and including the exterior curb(s), sidewalk(s), and parking area(s) thereof (collectively, the "Premises"). On July 11, 2014, Defendants, and each of them, owned, controlled, maintained, and/or operated some portion and/or all of the Premises and/or owned, controlled, maintained and/or operated a business for profit upon the Premises, either individually or in cooperation with one or more other Defendants.

9. Upon exiting the restaurant shortly before midnight, Plaintiff encountered a curb on the Premises, directly outside the front door of the restaurant located on the Premises and leading to a parking area on the Premises (the "Curb"), which was insufficiently illuminated for nighttime conditions, and was improperly constructed, marked, maintained, and/or equipped with signage, and which therefore presented an unreasonably dangerous condition on the premises.

10. The Curb failed to comply with one or more applicable federal, state, and/or local codes, statutes, ordinances, standards, and/or regulations for construction, change in elevation, marking, signage, and/or illumination, and therefore presented an unreasonably dangerous condition on the premises.

11. No signage and/or other warning of the unreasonably dangerous condition was present.

12. No employee, agent, and/or representative of any Defendant provided any warning to Plaintiff, written, verbal, and/or otherwise, regarding the unreasonably dangerous condition.

13. Upon encountering this unreasonably dangerous condition, Plaintiff twisted her left foot and ankle, landing with the full weight of her body on the twisted ankle and foot, and then falling to the pavement.

14. Plaintiff immediately experienced excruciating pain which rendered her unable to walk without assistance and unable to place any weight on her left foot.

15. Within minutes of the fall, Plaintiff experienced swelling and discoloration of her left foot and ankle. Her left foot was immobile, and she continued to experience excruciating pain in both her left ankle and foot.

16. Upon consulting with medical professionals, Plaintiff was diagnosed with a fracture in her left foot and severe sprains and strains of her left ankle and left foot, and was forced to take time off from work, to work shortened shifts upon her return, and to undergo subsequent medical evaluation and treatment.

## FIRST CAUSE OF ACTION
### (Negligence)

17. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-16, inclusive, as though fully set forth herein.

18. Defendants, and each of them, had a duty to maintain the premises in a reasonably safe condition for use.

19. Defendants, and each of them, breached their duty to maintain the premises in a reasonably safe condition for use by constructing, maintaining, marking or failing to mark, equipping with signage or failing to so equip, and/or insufficiently illuminating the Curb in a way that created an unreasonably dangerous condition.

20. In constructing, maintaining, marking or failing to mark, equipping with signage or failing to so equip, and/or insufficiently illuminating the Curb in a way that created an unreasonably dangerous condition, Defendants, and each of them, acted with malice, fraud, or oppression, express and/or implied, acting willfully and intentionally, recklessly disregarding known safety measures, and further recklessly disregarding the safety of persons, including each and every patron or other person who approached, entered, and/or exited the subject restaurant through its front door during nighttime hours.

21. Because of the breach of duty and resulting negligence of Defendants, and each of them, Plaintiff sustained serious, debilitating, and permanent injury to her left foot and left ankle.

22. Because of the breach of duty and resulting negligence of Defendants, and each of them, Plaintiff has been forced to incur, and will be forced to incur in the future, significant expenses for medical evaluation and treatment, in an amount in excess of $10,000.00 (Ten Thousand Dollars).

23. Because of the breach of duty and resulting negligence of Defendants, and each of them, Plaintiff has lost wages, and will continue to lose wages in the future, in an amount in excess of $10,000.00 (Ten Thousand Dollars).

//

24. Because of the breach of duty and resulting negligence of Defendants, and each of them, Plaintiff's earning capacity will be diminished in the future, for the remainder of Plaintiff's working life, in an amount in excess of $10,000 (Ten Thousand Dollars).

25. Because of the breach of duty and resulting negligence of Defendants, and each of them, Plaintiff has incurred significant pain, suffering, and mental anguish, and will continue to incur significant pain, suffering, and mental anguish in the future, in an amount to be determined by the jury at trial.

26. Because of the breach of duty and resulting negligence of Defendants, and each of them, Plaintiff has been forced to incur, and will continue to be forced to incur, the significant expenses of bringing and prosecuting the instant lawsuit.

## SECOND CAUSE OF ACTION
**(Negligence *Per Se*)**

27. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-26, inclusive, as though fully set forth herein.

28. On July 11, 2014, one or more federal, state, and/or local codes, statutes, ordinances, standards, and/or regulations for construction, change in elevation, marking, signage, and/or illumination applied to the Curb, which codes, statutes, ordinances, standards, and/or regulations pertained to public safety.

29. Plaintiff is a member of one or more classes of persons that the applicable federal, state, and/or local codes, statutes, ordinances, standards, and/or regulations governing construction, change in elevation, marking, signage, and/or illumination of the Curb were created and/or intended to protect.

30. The injuries and damages incurred by Plaintiff are of the type that the applicable federal, state, and/or local codes, statutes, ordinances, standards, and/or regulations for construction, change in elevation, marking, signage, and/or illumination of the Curb were created and/or intended to prevent.

31.     Defendants, and each of them, violated one or more applicable federal, state, and/or local codes, statutes, ordinances, standards, and/or regulations governing construction, change in elevation, marking, signage, and/or illumination of the Curb, and therefore was negligent *per se* and failed to exercise due care, breaching their duty to Plaintiff.

32.     In violating one or more applicable federal, state, and/or local codes, statutes, ordinances, standards, and/or regulations governing construction, change in elevation, marking, signage, and/or illumination of the Curb, Defendants, and each of them, acted with malice, fraud, or oppression, express and/or implied, acting willfully and intentionally, recklessly disregarding known and prescribed safety measures, and further recklessly disregarding the safety of persons, including each and every patron or other person who approached, entered, and/or exited the subject restaurant through its front door during nighttime hours.

33.     Because of the *per se* negligence and corresponding breach of duty by Defendants, and each of them, Plaintiff sustained serious, debilitating, and permanent injury to her left foot and left ankle.

34.     Because of the *per se* negligence and corresponding breach of duty by Defendants, and each of them, Plaintiff has been forced to incur, and will be forced to incur in the future, significant expenses for medical evaluation and treatment, in an amount in excess of $10,000.00 (Ten Thousand Dollars).

35.     Because of the *per se* negligence and corresponding breach of duty by Defendants, and each of them, Plaintiff has lost wages, and will continue to lose wages in the future, in an amount in excess of $10,000.00 (Ten Thousand Dollars).

36.     Because of the *per se* negligence and corresponding breach of duty by Defendants, and each of them, Plaintiff's earning capacity will be diminished in the future, for the remainder of Plaintiff's working life, in an amount in excess of $10,000 (Ten Thousand Dollars).

//

37. Because of the *per se* negligence and corresponding breach of duty by Defendants, and each of them, Plaintiff has incurred significant pain, suffering, and mental anguish, and will continue to incur significant pain, suffering, and mental anguish in the future, to be compensated in an amount to be determined by the jury at trial.

38. Because of the *per se* negligence and corresponding breach of duty by Defendants, and each of them, Plaintiff has been forced to incur, and will continue to be forced to incur, the significant expenses of bringing and prosecuting the instant lawsuit.

### THIRD CAUSE OF ACTION
**(Negligent Infliction Of Emotional Distress)**

39. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-38, inclusive, as though fully set forth herein.

40. Defendants, and each of them, breached their duty to maintain the premises in a reasonably safe condition for use by constructing, maintaining, marking or failing to mark, equipping with signage or failing to so equip, and/or insufficiently illuminating the Curb in a way that created an unreasonably dangerous condition.

41. Because of the breach of duty and resulting negligence of Defendants, and each of them, Plaintiff has suffered, and will continue to suffer in the future, serious emotional distress, including but not limited to suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame, such that an ordinary, reasonable person would be unable to cope with it.

42. The breach of duty and resulting negligence of Defendants, and each of them, was a substantial factor in causing Plaintiff's serious emotional distress.

//

//

//

//

## PRAYER

WHEREFORE, Plaintiff CHRISTINE NEIS prays for judgment from this Court against Defendants, and each of them, as follows:

1. Past medical expenses, in an amount in excess of $10,000 (Ten Thousand Dollars);
2. Future medical expenses, in an amount in excess of $10,000 (Ten Thousand Dollars);
3. Past and future wage loss, in an amount in excess of $10,000 (Ten Thousand Dollars);
4. Future loss of earning capacity, in an amount in excess of $10,000 (Ten Thousand Dollars);
5. Past pain, suffering, and mental anguish, in an amount in excess of $10,000 (Ten Thousand Dollars);
6. Future pain, suffering, and mental anguish, in an amount in excess of $10,000 (Ten Thousand Dollars);
7. Past emotional damages, in an amount in excess of $10,000 (Ten Thousand Dollars);
8. Future emotional damages in an amount in excess of $10,000 (Ten Thousand Dollars);
9. Punitive and/or exemplary damages, in an amount in excess of $10,000 (Ten Thousand Dollars);
10. Prejudgment interest;
11. Costs of suit; and
12. Such additional remedy or remedies as this Court finds appropriate.

Dated this 6th day of October, 2014.

/s/ Sarah M. Davis

SARAH M. DAVIS, ESQ.
Nevada Bar No. 11550
6350 South Riley Street #405
Las Vegas, NV 89148
(561) 245-0163

*Attorney For Plaintiff*
*Christine Neis*